UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Darryl Smith | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 505 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | |
| Jeffery Blackman and Unknown Chicago Police Officers, | ) | |
| | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**DEFENDANT BLACK'S MOTION TO DISMISS**

Defendant Jeffery Black[1], through one of his attorneys, Shneur Nathan, Assistant Corporation Counsel, moves pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Complaint because it fails to state a claim upon which relief may be granted. In support of this motion, Defendant Black states the following:

I.   **Legal Standard**

The Court should dismiss a claim if the allegations do not plausibly suggest that the plaintiff is entitled to relief beyond a "speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65 (2007) (lessening the movant's burden on a 12(b)(6) motion from the old "no set of facts" test). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). While it is true that a plaintiff need only plead a "short and plain statement," that statement still must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Moreover, a court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to

---

[1] The complaint actually names Jeffery Blackman, but for the purposes of this motion, Jeffery Black assumes Plaintiff intended to name him instead.

1

assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

## II.    Plaintiff's Complaint is Deficient Because it Fails to Plead State and Individual Action

In order to state a claim under Section 1983, at a minimum, a plaintiff must allege (1) the defendants acted under color of law; and (2) those actions deprived plaintiff of a specific constitutional right. *Chapman v. Stricker*, 81 Fed.Appx 77 (7th Cir. 2003) citing *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The instant Complaint fails to meet even the threshold requirement of state action. Furthermore, the Complaint fails to allege the predicate of personal involvement on the part of Defendant Black. *See Johnson v. Snyder*, 444 F.3d 579, 583(7th Cir. 2006); *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003) (personal involvement is required to prevail on a Section 1983 claim); *Christopher v. Buss*, 384 F.3d 879, 881 n.1 (7th Cir. 2004) (affirming district court's dismissal of Section 1983 claims while limiting substantive analysis to defendants alleged to have been personally involved).

In this case, Defendant Blackman is the only individual defendant specifically named in the caption. Construing the Complaint liberally, Defendant Black accepted service. However, the body of the Complaint fails to allege Blackman or Black acted at all, much less under color of law. It states only that "*a person* approaching me hit me." (Cmpl. p. 4:8) (emphasis added). Of course there is no doubt the Complaint involves an event that included state actors, (*See* Cmpl., p. 4-5), but Defendant Black has no notice as to whether he is alleged to be of those state actors. *See Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 2006 WL 2494743 *4 (refusing to consider facts plead against non-parties to satisfy the 'state action' requirement of section 1983).

### III. Conclusion

Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to allege personal involvement or state action with respect to Defendant Black.

Respectfully submitted,

Defendant Jeffery Black

By: /s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corp. Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I electronically filed the foregoing **Defendant Black's Motion to Dismiss** using the Court's CM/ECF electronic filing system, and caused a copy of that motion, and the cases cited therein, to be sent via U.S. Mail to the *pro se* plaintiff at the address listed below:

Darryl Smith
B-78806
Shawnee - SHW
6665 State Route 146 East
Vienna, IL 62995

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495