IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Darryl Smith;
Plaintiff,

v.

Jeffery Blackman,
et al.
Defendant's.

FILED
Aug 4, 2008
AUG 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No.: 08 C 505

John W. Darrah
Assigned Judge

Brown
Magistrate Judge

Jury Trial Demanded

## PLAINTIFF'S MOTION TO AMEND HIS INITIAL COMPLAINT

NOW COMES the Plaintiff; Darryl Smith, on His own behalf, pro se, and moves pursuant to FED. R. CIV. P. 15(a), MOTIONING this Honorable COURT to allow Him TO AMEND HIS INITIAL COMPLAINT.

IN SUPPORT thereof, the Plaintiff asserts as follows:

[1]. That FED. R. CIV. P. 15(a) allows the Plaintiff TO AMEND HIS COMPLAINT once without leave of this Honorable

COURT any time before a Defendant's "responsive pleading" is served;

[2]. That the party [Jeffery Black] who moved for Dismissial of the PLAINTIFF'S INITIAL COMPLAINT pursuant to FED. R. CIV. P. 12[b][6] is not named as a/the Defendant in this case;

[3]. That the party [Jeffery Black] who moved for Dismissial of the PLAINTIFF'S INITIAL COMPLAINT pursuant to FED. R. CIV. P. 12[b][6] has not served a "responsive pleading" on the Plaintiff;

[4]. That the parties [Jeffery Black] RULE 12[b][6] MOTION does not constitute a "responsive pleading" under FED. R. CIV. P. 15[a]... LUTZ V. CHITWOOD [IN RE DONAHUE SEC., Inc.] 304 BR 797 [BC S.D. OHIO 2003], ACLU OF FLA., Inc. V. MIAMI-DADE COUNTY SCH. B.D., 434 F. SUPP. 2D, 1242;

---

1. PLAINTIFF'S INITIAL COMPLAINT actually names Jeffery Blackman as the Defendant, but for the purposes of Itis/this MOTION, the Plaintiff is not/will not assume that the party [Jeffery Black] who moved for Dismissial pursuant to RULE 12[b][6] is personally involved to satisfy the threshold requirement of personal involvement to prevail in a Section 1983 action.

49 FLW FED. D. 847 [S.D. FLA. 2006];

[5]. That FED. R. CIV. P. 15[b] permits <u>AMENDMENT OF A COMPLAINT</u> as a matter of absolute right, even if/or after a RULE 12[b][6] <u>MOTION</u> has been filed;

[6]. That this Honorable COURT will not allow the Plaintiff to <u>AMEND His COMPLAINT</u> after final judgment... <u>FDIC V. WEISE APARTMENTS-44457 CORP.</u>, 192 FRD 100 [S.D. NY. 2000], magistrate's recommendation 2000 U.S. DIST. LEXIS 11998 [S.D. NY. 2000], and;

[7]. That the Plaintiff will be greately prejudiced if this Honorable COURT does not allow Him <u>TO AMEND HIS COMPLAINT</u>.

WHEREFORE: the Plaintiff respectfully moves for this Honorable COURT to allow Him <u>TO AMEND HIS COMPLAINT</u> as a matter of absolute right.

Respectfully submitted, _____
Plaintiff/Pro Se

<u>THE PLAINTIFF'S MOTION TO AMEND HIS INITIAL COMPLAINT</u> was filed/<u>MOTIONED</u> to this Honorable COURT; by way of the Clerk of COURT in care of the prisoner correspondent, on the __30__ day of __July__, 2008