# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Darryl Smith;
Plaintiff,

v.

Jeffery Blackman, et al.
Defendant's.

**FILED**
AUG 4 2008
Aug 4, 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No.: 08 C 505

John W. Darrah
Assigned Judge

Brown
Magistrate Judge

Jury Trial Demanded

## NOTICE OF FILING & PROOF OF SERVICE

TO: Clerk of Court in care of the Prisoner Correspondent, United States District Court
219 S. Dearborn St.
Chicago, Illinois 60604

PLEASE take NOTICE that on the _30_ day of _July_, 2008; I FILED with this Honorable COURT:

- PLAINTIFF'S RESPONSE TO DEFENDANT BLACK'S MOTION TO DIS-

MISS, and;

- **PLAINTIFF'S MOTION TO AMEND HIS INITIAL COMPLAINT...**

by placing the original; and two copies, in a envelope at the U.S. Mail Box at the Shawnee Correctional Center, and caused a copy to be <u>SERVED</u> upon the counsel for the Defendant's, while first being duly sworn.

By: _____
Plaintiff
Shawnee Correctional Center
6665 State Route 146 East
Vienna, Illinois 62995


SUBSCRIBED AND SWORN TO BEFORE ME THIS __30__ DAY OF __July__, 2008

_____
Notary Public/SEAL

```
OFFICIAL SEAL
LEANNE PATE
Notary Public - State of Illinois
My Commission Expires Feb 08, 2011
```

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Darryl Smith;
Plaintiff,

v.

Jeffery Blackman,
et al.
Defendant's.

Case No.: 08 C 505

John W. Darrah
Assigned Judge

Brown
Magistrate Judge

Jury Trial Demanded

## PLAINTIFF'S RESPONSE TO DEFENDANT BLACK'S MOTION TO DISMISS

NOW COMES the Plaintiff; Darryl Smith, on His own behalf, pro se, RESPONDING TO DEFENDANT BLACK'S MOTION TO DISMISS.

IN RESPONSE thereof, the Plaintiff asserts as follows.

## III. INTRODUCTION

THE Plaintiff; at the time of articulating the pleading of event's in His Complaint, that included "persons" "acting under color of state law" in depriving Him of His rights guaranteed by the Constitution of the United States, and Federal Law [ PIERSON V. RAY, 386 U.S. 547 [1967]; 42 U.S.C. § 1983], His mental capacity lacked the ability to intelligibly give "fair notice of who His claim was actually against, and the grounds upon which it rests." The Plaintiff nevertheless stated a claim under the Civil Rights Act, 42 U.S.C. § 1983.

HENCE; this Honorable COURT is not required, "to ignore any facts set forth in the Plaintiff's Complaint that undermine His claim, or to assign any weight to unsupported conclusions of law." CITY NAT'L BANK OF FLORIDA V. CHECKERS, SIMON & ROSNER, 32 F. 2D. 277, 281 [ 7th. CIR. 1994 ]. [citations omitted].

THE only facts set forth in the Plaintiff's Complaint that undermine His claim is that the Defendant He named, [ DEFENDANT JEFFREY BLACKMAN ] and not the party [ Jeffery Black ] who moved for Dismissal pursuant to Rule 12[b][6], was not the "person" "acting under color of state law" who deprived the Plaintiff of His rights guaranteed by the Constitution of the United States, and Federal Law. CHAPMAN V. STRICKER, 81 FED. APPX. 77 [ 7TH. CIR. 2003], citing CASE V.

MILEWSKI, 327 F.3D. 564, 566 (7TH. CIR. 2003).

THE Plaintiff's claim that "persons" [other than the Defendant He named, i.e. DEFENDANT JEFFERY BLACKMAN] "acting under color of state law" deprived Him of His rights guaranteed by the Constitution of the United States, and Federal Law, is seemingly worthy of belief because the Plaintiff pleaded the factual events in His Complaint well, and can prove that the factual events in His Complaint, would entitle Him to relief, beyond a "speculative level."

THE predicate of personal involvement on the party [Jeffery Black] who moved For Dismissial pursuant to Rule 12[b][6], is premature because the Plaintiff has not named the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6], as the actual "person" who "acted under color of state law" in depriving Him of His rights guaranteed by the Constitution of the United States, and Federal Law, at this time¹.

---

1. The Complaint actually names Jeffery Blackman as the Defendant; but for the purposes of His/this MOTION, the Plaintiff is not/will not assume that the party [Jeffery Black] who moved For Dismissial pursuant to Rule 12[b][6] is personally involved to satisfy the threshold requirement of personal involvement to prevail in a Section 1983 claim.

[2]. **STANDARD OF REVIEW**

WHEN considering a DEFENDANT'S MOTION TO DISMISS, a COURT must view the allegations set forth in the Complaint in the light most favorable to the Plaintiff. SCHEVER V. RHODES, 416 U.S. 232, 236, 94 S. CT. 683, 40 L.ED. 2D 90 [1974]. All well pleaded factual allegations must be taken as true. ED MINIST, INC. V. GLOBE LIFE INSURANCE GROUP, INC., 805 F. 2D 734, 735 [7TH. CIR. 1986]; CERT. DENIED, 482 U.S. 913, 101 S. CT. 3188 [1987], and the Plaintiff is entitled to all reasonable inferences that can be drawn therefrom. ELLSWORTH V. RACINE, 744 F. 2D 182, 184 [7TH. CIR. 1985]. A Complaint should not be DISMISSED unless it appears that a Plaintiff can prove no set of facts in support of His claim which would entitle Him to relief. HISHON V. KING and SPALDING, 467 U.S. 69, 73 [1984]; CONLEY V. GIBSON, 355 U.S. 41, 78 S. CT. 99, 2 L.ED. 2D 2980 [1957]. In addition, "a COURT must construe [pro se] pleadings liberally and mere vagueness or lack of detail does not constitute sufficient grounds for a MOTION TO DISMISS." STRAUSS V. CITY OF CHICAGO, 760 F. 2D 765, 767 [1988]; CAIN V. LANE, 857 F. 2D 1139, 1142 [7TH. CIR. 1988]. [pro se Complaints must be read liberally.

[3].  ARGUMENT

## THIS HONORABLE COURT MUST ALLOW THE PLAINTIFF TO AMEND HIS COMPLAINT

THE light most favorable to the Plaintiff when this Honorable COURT view the allegations set forth in the Plaintiff's Complaint; when considering DEFENDANT BLACK'S MOTION TO DISMISS, would be to ALLOW THE PLAINTIFF TO AMEND HIS COMPLAINT. FED. R. CIV. P. 15 (b)(1) permits AMENDMENT OF COMPLAINT as matter of right, even if FED. R. CIV. P. 12(b)(6) MOTION has been filed, because latter does not constitute "responsive pleading" under FED. R. CIV. P. 15(a)... LUTZ V. CHIPWOOD [IN RE DONAHUE SEC., INC. 304 BR 797] BC.SD. OHIO 2003].

SINCE the Plaintiff pleaded well; the factual event's in His Complaint, against the "persons" · and not the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12(b)(6). "acting under color of state law" in depriving Him of His rights guaranteed by the Constitution of the United States, and federal Laws, they must be taken as true, ED MINIST, INC. V. GLOBE LIFE INSURANCE GROUP, INC., 805 F.2D 734,735 [7TH.CIR. 1986]; CERT. DENIED, 482 U.S. 913, 101 S. CT. 3188 [1987], and; being that the Plaintiff is entitled to all reasonable

inferences that can be drawn therefrom, ELLS-WORTH V. RACINE, 744 F. 2D. 182, 184 [7TH. CIR. 1985]; this Honorable "COURT must construe the Plaintiff's [pro se] Complaint liberally" and <u>ALLOW THE PLAINTIFF TO AMEND HIS COMPLAINT</u>, because it appears that the Plaintiff can prove that the factual events in His Complaint would entitle Him to relief.

[4]. **DEFENDANT BLACK'S MOTION TO DISMISS IS PREMATURE AND DOES NOT CONSTITUTE SUFFICIENT GROUNDS FOR THIS HONORABLE COURT TO DISMISS THE PLAINTIFF'S COMPLAINT.**

MERELY because the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6], accepted service in this case, and their is a lack of detail as to the parties [Jeffery Black] personal involvement and "state action," IS PREMATURE AND DOES NOT CONSTITUTE SUFFICIENT GROUNDS FOR THIS HONORABLE COURT TO DISMISS THE PLAINTIFF'S COMPLAINT. STRAUSS V. CITY OF CHICAGO, 760 F.2D 765, 767 [1988]; and CAIN V. LANE, 857 F.2D 1139, 1142 [7TH. CIR. 1988]·[ pro se Complaints must be read liberally.]

WHEN this Honorable COURT construe the Plaintiff's [pro se] Complaint liberally; "the appropriate weight to supported conclusions of law would be assigned"; because it is well settled that an individual cannot be held liable under Section 1983 unless "he or she caused or participated in an alleged constitutional deprivation." See RASCON V. HARDIMAN, 803 F.2D. 269, 273 [7TH. CIR. 1986]· [quoting WOLFELITTLE V. SONQUIST, 699 F.2D. 864, 869 [7TH. CIR. 1983]. The Seventh Circuit has explained the personal involvement requ-

irements of a Section 1983 claim".

To recover for damages under 42 U.S.C. §1983, a plaintiff must establish defendant's personal responsibility for the claimed deprivation of a constitutional right. However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of Section 1983, if he or she acts or failes to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct of causing the constitutional deprivation occurs at his or her direction or with his or her knowledge and consent...

SMITH V. ROWE, 761 F.2D 360, 369 [7TH.CIR. 1985] [quoting CROWDER V. LASH, 687 F.2D. 996, 1005 [7TH.CIR.1982]; see also JONES V. CITY OF CHICAGO, 856 F.2D. 985, 993-94 [7TH.CIR.1988].

    IN the case at bar; the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6], is not the Defendant named in the Plaintiff's Complaint, as the "person" "acting under color of state law" who deprived the Plaintiff of His rights guaranteed by the Constitution of the United States, and Federal Laws, and the Plaintiff is not/will not assume that the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6] is the "person" "acting under color of state law" who deprived Him of His rights guaranteed by the Constitution of the

United States, and Federal Law, merely because the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6] accepted service in this case. The law is clear that "there must be a casual connection or affirmative link between the misconduct complained of and the defendant's personal responsibility." Hence; even if the Plaintiff assume _arguendo_, that the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6], is the "person," who "acted under color of state laws" who deprived Him of His rights guaranteed by the Constitution of the United States, and Federal Law, it would further undermine the Plaintiff's claim. CITY NAT'L BANK OF FLORIDA V. CHECKERS, SIMON & ROSNER, 32 F. 3D. 277, 281 [7th. CIR. 1994]. [citations omitted].

## [5]. CONCLUSION

WHEREFORE: because the Plaintiff has not held the party [Jeffery Black] who moved for Dismissial pursuant to Rule 12[b][6] liable under Section 1983; nor held that "He [Jeffery Black] caused or participated in an alleged constitutional deprivation," <u>THIS HONORABLE COURT MUST ALLOW THE PLAINTIFF TO AMEND HIS COMPLAINT</u> to name Jeffery Black as the Defendant, predicated upon the predicate of the personal involvement requirements of a Section 1983 claim, as <u>DEFENDANT BLACK'S MOTION TO DISMISS</u> ~~xx pxxxxxxxxx~~ <u>IS PREMATURE AND DOES NOT CONSTITUTE SUFFICIENT GROUNDS FOR THIS HONORABLE COURT TO DISMISS THE PLAINTIFF'S COMPLAINT.</u>

Respectfully submitted,

By: _____
Plaintiff/Pro Se

~~[illegible struck-through text]~~


THE PLAINTIFF'S RESPONSE TO DEFENDANT BLACK'S MOTION TO DISMISS was filed with this Honorable COURT; by way of the Clerk of COURT in care of the prisoner correspondent, on the 30 day of July, 2008.